**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN D. LIGHT,** | : | **CIVIL ACTION NO. 1:03-CV-0725** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **CHARLES B. HAWS, et al.,** | : | |
| **Defendants** | : | |

### MEMORANDUM

Presently before the court is a motion (Doc. 47) to strike as untimely defendants' brief in support of the pending motion for summary judgment. Plaintiff cites the belatedly filed document as an example of defendants' perpetual dilatoriness in this case and argues that, coupled with "endless requests for enlargements of time," the late filing prejudices plaintiff. (See Doc. 48 at 3; Doc. 54).

There is some merit to plaintiff's contentions. Defendant has moved for extensions seven times in this case (see Docs. 4, 17, 28, 34, 36, 40, 42), and for leave to file *nunc pro tunc* three times (see Docs. 46, 49, 52; see also Doc. 4).[1] The document at issue *sub judice* was filed two days after a thrice-extended deadline, and supplemental exhibits were not filed until the day thereafter.

Federal Rule of Civil Procedure 6 allows for belated filings when the party's failure to act was the result of "excusable neglect." FED. R. CIV. P. 6(b); see also In re O'Brien Env't Energy, Inc., 188 F.3d 116, 125-26 & n.7 (3d Cir. 1999). Determining

---

[1] Defendants' brief in opposition to the motion *sub judice* was itself untimely filed. (See Doc. 52).

whether a delay is "excusable" requires the court to consider the reason for the delay, its length and impact on the proceedings, and its prejudice to the opposing party. In re Cendant Corp. Prides Litig., 233 F.3d 188, 196 (3d Cir. 2000); see also Dominic v. Hess Oil VI Corp., 841 F.2d 513 (3d Cir. 1988) ("Excusable neglect . . . require[s] a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.").

Although the frequency of defendants' belated filings cannot be condoned, the court finds that the delay *sub judice* was the result of excusable neglect. A declaration signed by counsel for defendants avers that the delay was unintentional and due to circumstances beyond counsel's control. (See Doc. 51, Ex. A). The brief was filed late because of an unexpected delay in receiving a supporting declaration, and counsel encountered technical difficulties while electronically filing the relatively large supplemental exhibits. (See Doc. 51, Ex. A); but see L.R. 5.2(c) (stating that malfunctioning user equipment does not constitute technical failure for filing); In re Elec. Case Filing Policies & Procedures, Standing Order No. 04-6 (M.D. Pa. Oct. 4, 2004) (same). Counsel's explanation is reasonable and demonstrates a good-faith effort to adhere to the scheduling order. The three-day delay in filing will have little impact on these proceedings, and is unlikely to prejudice plaintiff who, in any event, will be given additional time to file a brief in response.

Because the delay in filing was minor, and will not prejudice plaintiff's ability to prosecute this case, the court will deny the motion to strike. An appropriate order will issue.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

Date:    April 18, 2005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN D. LIGHT,** | : | **CIVIL ACTION NO. 1:03-CV-0725** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **CHARLES B. HAWS, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 18th day of April, 2005, upon consideration of plaintiff's motion to strike (Doc. 47), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to strike (Doc. 47) is DENIED.

2. Defendants' motions (Docs. 46, 49) for leave to file brief and documents out of time and in excess of page limit are GRANTED. Defendants' brief and documents in support of the motion for summary judgment are deemed timely.

3. Plaintiff shall file a brief in opposition to the motion for summary judgment on or before May 5, 2005.

                                                             S/ Christopher C. Conner
                                                         CHRISTOPHER C. CONNER
                                                         United States District Judge